**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR H. CANTU and JAYME L. CANTU | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 4:13cv338 Judge Clark/Judge Mazzant |
| BANK OF AMERICA, N.A. D/B/A BAC HOME LOANS SERVICING, LP, FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, and GREG BERTRAND, MIKE VESTAL, SUBSTITUTE TRUSTEE, | § § § § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 20, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiffs' Motion to Abstain and to Remand [Doc. #10] be denied [Doc. #20]. On September 3, 2013, plaintiffs filed Objections to the Report and Recommendation of United States Magistrate Judge [Doc. #22]. On September 20, 2013, defendants filed a response [Doc. #25]. On September 25, 2013, plaintiffs filed a reply [Doc. #27].

Plaintiffs filed their original petition in state court. On June 20, 2013, defendants Bank of America, N.A. d/b/a BAC Home Loans Servicing, LP ("Bank of America") and Federal National

1

Mortgage Association a/k/a Fannie Mae ("Fannie Mae") filed a Notice of Removal. Defendants removed this case pursuant to diversity jurisdiction. Plaintiffs also sued Greg Bertrand ("Bertrand") and Mike Vestal ("Vestal") as substitute trustees (collectively, "Trustees"). The Magistrate Judge issued a report that found that there was no possibility of recovering from a substitute trustee, making Bertrand and Vestal improperly joined.

Plaintiffs object, asserting that Bertrand and Vestal were properly joined and their presence in this lawsuit defeats diversity jurisdiction. Plaintiffs argue that there is a reasonable probability that they will recover on their claim against the Trustees for common law fraud. Plaintiffs concede that the Trustees are not liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee.

Plaintiffs argue that the Trustees acted in bad faith by intentionally and recklesslesly making false representations and assertions, which resulted in common law fraud. Plaintiffs assert that Bertrand made a material representation through a Substitute Trustee's Deed filed with the county that the "Grantor conveyed the property to Trustee to secure payment of the Note." Plaintiffs argue that this representation is false due to the fact that Bertrand was never legally conveyed as the trustee for the Property. Plaintiffs' theory is based upon the allegation that Bank of America was not legally assigned the Deed of Trust until May 30, 2013, but the Trustee appointment was filed on September 28, 2009. Plaintiffs also attack the Appointment of Substitute Trustee as fraudulent.

Defendants assert that although plaintiffs' response attempts to introduce other allegations of bad faith, these allegations are beyond the scope of their amended complaint and, therefore, should not be considered for purposes of remand. The court agrees. Moreover, defendants correctly assert that neither new example asserted by plaintiffs amounts to bad faith on the part of the Trustees,

because plaintiffs have not alleged that the purported invalidity of the documents is due to any conduct by the Trustees. Even if these allegations are considered, none demonstrate conduct supporting bad faith on the part of the Trustees. The court views the addition of the Trustees as Plaintiffs' desire to destroy diversity jurisdiction. The court rejects this attempt. Plaintiffs allege no facts that would support bad faith on the part of the Trustees. Plaintiffs' conclusory statements or speculation are not sufficient to make the Trustees properly joined.

Plaintiffs ask the court to abstain, but since the court finds that removal was proper, there is no basis for the court to abstain in this action.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiffs [Doc. #22], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiffs' Motion to Abstain and to Remand [Doc. #10] is DENIED and that Greg Bertrand and Mike Vestal are **DISMISSED** with prejudice.

. So **ORDERED** and **SIGNED** this **18** day of **October, 2013.**

_____
Ron Clark, United States District Judge